UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | No. | **FILED: MAY 01, 2008** |
| | ) | | **08CV2484    AEE** |
| v. | ) | | **JUDGE LEFKOW** |
| | ) | Judge | **MAGISTRATE JUDGE BROWN** |
| GARY F. HUCK AND SUSAN M. HUCK, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## COMPLAINT

The United States, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, brings this action against the defendants, Gary F. Huck and Susan M. Huck, and for its cause of action states:

1.    This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345.

2.    The defendant resides within the Northern District of Illinois.

3.    The defendant became indebted to the United States as set forth in the Certificate of Indebtedness and promissory note(s) or contract(s) attached as Exhibits "A" and "B" respectively.

4.    Although demand has been made for payment, there remains due and owing the principal sum of $20,261.12, plus interest calculated through March 3, 2008 in the sum of $6,257.55 and Administrative Charges in the sum of $7,955.60.  Interest continues to accrue at the rate of 5.0% per annum.

WHEREFORE, plaintiff demands judgment against the defendant as follows:

a.     in the amount of $34,474.27, which represents  principal and interest due through March 3, 2008;

b.    interest to continue to accrue at the rate of 5.0% per annum until the date of judgment;

c.      interest from the date of judgment at the statutory rate pursuant to 28 U.S.C. §1961

until paid in full;

d.      costs of suit, including but not limited to, a filing fee of $350.00, as authorized by 28

U.S.C. § 1914(a), and

e.      for such other proper relief as this court may deem just.

                                    Respectfully submitted,

                                    PATRICK J. FITZGERALD
                                    United States Attorney


                                    By: s/ Melissa A. Childs
                                       MELISSA A. CHILDS
                                       Assistant United States Attorney
                                       219 South Dearborn Street
                                       Chicago, Illinois  60604
                                       (312) 353-5331
                                       melissa.childs@usdoj.gov



# U. S. DEPARTMENT OF THE TREASURY
## FINANCIAL MANAGEMENT SERVICE
### WASHINGTON, D. C.

## ACTING ON BEHALF OF
### U.S. Department of Housing and Urban Development
### CERTIFICATE OF INDEBTEDNESS

Debtor Name(s) and
Address(es):

Gary F. Huck and Susan M. Huck (co-debtors)
17235 West Simpson Road
Wadsworth, IL 60083

**Total debt due United States as of March 18, 2008: $34,474.27**

I certify that the U.S. Department of Housing and Urban Development (HUD) records show that
the co-debtors named above are indebted to the United States in the amount stated above.

The claim reportedly arose in connection with the co-debtors' May 2000 default on a $21,100.00
HUD Title I mortgage loan.

**CERTIFICATION:**  Pursuant to 28 USC ss. 1746, I certify under penalty of perjury that the
foregoing is true and correct to the best of my knowledge and belief based upon information
provided by the U.S. Department of Housing and Urban Development.

Date: 3/18/08

Regina Crisafulli
Financial Program Specialist
U.S. Department of the Treasury
Financial Management Service

# NOTE

April 15, 1996
ELMHURST, ILLINOIS

See "ADDENDUM TO NOTE" attached hereto and made a part hereof.

PROPERTY ADDRESS:    2508 33RD ST.
ZION, IL 60099

4-1-96

App No. AAA-96-0000006

**1. BORROWER'S PROMISE TO PAY:** In return for a loan that I have received, I promise to pay U.S.   $21,100.00   (this amount is called the "principal"), plus interest, to the order of the Lender. The Lender is   HOME FAMILY MORTGAGE CORP.   . I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST:** I will pay interest at a yearly rate of 16.990 %. Interest will be charged on unpaid principal until the full amount of principal has been paid.

**3. PAYMENTS:** I will pay principal and interest by making payments each month of U.S.   $293.40   . I will make my monthly payments on the 19th day of each month beginning on   May 19, 1996   . I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on   May 19, 2016   , I still owe amounts under this Note, I will pay those amounts, in full, on that date.
    I will make my monthly payments at   188 INDUSTRIAL DRIVE, SUITE 124
ELMHURST, IL 60126
or at a different place if required by the Note Holder.

**4. BORROWER'S FAILURE TO PAY AS REQUIRED:**
**(a) Late Charge for Overdue Payments:** If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will promptly pay a late charge to the Note Holder. The amount of the late charge will be 5.0 % of my overdue payment, but not less than U.S.   $0.00   and not more than U.S.   $10.00   . I will pay this late charge only once on each late payment.
**(b) Notice From Note Holder:** If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I don't pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.
**(c) Default:** If I do not pay the overdue amount by the date stated in the notice described in (b) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
**(d) Payment of Note Holder's Costs and Expenses:** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses to the extent not prohibited by law. Those expenses include, for example, reasonable attorneys' fees.

**5. THIS NOTE IS SECURED BY A MORTGAGE:** In addition to the protections given to the Note Holder under this Note, a Mortgage, dated the same day as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

**6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE:** I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."
    I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

**7. BORROWER'S WAIVERS:** I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of non-payment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

**8. GIVING OF NOTICES:** Any notice that must be given to me under this Note will be given by delivering it or mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of that different address.
    Any notice that must be given to the Note Holder under this Note will be given by mailing it certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

**9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE:** If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amount owed under this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

    **NOTICE TO BORROWER: Do not sign this Note if it contains blank spaces. All spaces should be completed before you sign.**

X _Gary L Huck_
GARY F HUCK

X _Susan M Huck_
SUSAN M HUCK

X _____

X _____

(Sign Original Only)

**EXHIBIT B**

ILLINOIS - Second Mortgage - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT - Form 3914

Management Systems Development, Inc. (800)984-6060    *Title-One Energizer!™*   #II NOTE    Copyright (c) 199

PAY TO THE ORDER OF

*Pay to the order of First Trust of New York,*
*National Association, as Trustee, under the*
*Pooling and Servicing Agreement dated as of*
*March 21, 1996 for the Mego FHA Title I Loan Trust*

WITHOUT RECOURSE

MEGO MORTGAGE CORPORATION
*Series 1996-2*

BY _____

VICE PRESIDENT

All rights, title and interest of the undersigned is hereby
assigned (without warranty, except that the loan qualifies for
insurance) to the United States of America (U.S. Department
of Housing and Urban Development).

U.S. Bank Trust National Association f/k/a
First Trust of New York, National Association
180 East Fifth Street
St. Paul, MN 55101

By: _____
    J. M. Embry-Pirtle, Claims Manager
    City Mortgage Services, A Subservicer for
    Altiva Financial Corporation f/k/a
    Mego Mortgage Corporation

Date: MAR 2 1 2000 _____